IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ORI NESHER, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CIVIL ACTION FILE NO._____ |
| | * |
| SBS 384, LLC; SBS 276, LLC; SBS | * |
| HOLDINGS AT TALL PINES | * |
| APARTMENTS, LLC; | * |
| ALBION TRADING, INC.; and | * |
| SHLOMO ELIA, individually, | * |
| | * |
| Defendants. | * |

## COMPLAINT AND JURY DEMAND

1. Plaintiff bring this action to require Defendants to pay back wages owed to Plaintiff, which Defendants failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereafter referred to as "FLSA") and Georgia law.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 29 U.S.C. § 1337; and 28 U.S.C. § 1367.

3. Defendant SBS 384, LLC ("SBS 384") is subject to personal jurisdiction in the State of Georgia because it is where SBS 384 maintains its principal place of business.

4. Defendant SBS 276, LLC ("SBS 276") is subject to personal jurisdiction in the State of Georgia because it is where SBS 276 maintains its principal place of business.

5. Defendant SBS Holdings at Tall Pines Apartments, LLC ("SBS TPA") is subject to personal jurisdiction in the State of Georgia because it is where SBS TPA maintains its principal place of business.  Collectively, SBS 384, SBS 276, and SBS TPA shall be hereinafter referred to as the "SBS Entities."

6. Defendant Albion Trading, Inc. ("Albion") is the sole Member of each of the SBS Entities, which in turn own property in this state.  Further, Albion has employs and controls one of the Managers of each of the SBS Entities, Mr. Shmuel Wolf ("Wolf").  Albion transacts business in the State of Georgia and is therefore subject to the jurisdiction and venue of this Court.

7. Defendant Shlomo Elia ("Elia"), upon information and belief, maintains ownership and control of Albion and the SBS Entities.  At all times relevant to the facts asserted herein, Plaintiff ultimately reported to and answered to Elia, who directed and controlled the operation of the SBS Entities and Plaintiff's employment.  Further, Elia was regularly present in the State of Georgia

at the SBS Entities locations.  Because Elia transacts business in the State of Georgia, he is therefore subject to the jurisdiction and venue of this Court.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9. Defendant SBS 384 is a Florida limited liability company registered and authorized to do business in Georgia.  SBS 384's principal place of business is 2221 Peachtree Road, Suite D-491, Atlanta, Georgia, within the geographic boundaries of the Atlanta Division of this Court.  Said Defendant may be served through its registered agent, Eric L. Weiss, at 260 Peachtree Street, Suite 2700, Atlanta, GA located in Fulton County, Georgia.

10. SBS 384 owns a residential apartment building complex consisting of 384 units located at 5724 Riverdale Road, Atlanta Georgia.  This property is known as "Lakeview Trails."

11. Defendant SBS 276 is a Florida limited liability company registered and authorized to do business in Georgia.  SBS 276's principal place of business is 2221 Peachtree Road, Suite D-491, Atlanta, Georgia, within the geographic boundaries of the Atlanta Division of this Court.  Said Defendant may be served through its registered agent, Eric L. Weiss, at 260 Peachtree Street, Suite 2700, Atlanta, GA located in Fulton County, Georgia.

12. SBS 276 owns a residential apartment building complex consisting of 276 units located at 3000 Ember Drive, Decatur, Georgia. This property is known as "Creekside Forrest."

13. Defendant SBS TPA is a Florida limited liability company registered and authorized to do business in Georgia. SBS TPA's principal place of business is 2221 Peachtree Road, Suite D-491, Atlanta, Georgia, within the geographic boundaries of the Atlanta Division of this Court. Said Defendant may be served through its registered agent, Frederick Wright, at 1205 Johnson Ferry Rd., STE 136-448, Marietta, GA located in Cobb County, Georgia.

14. SBS TPA owns a residential apartment building complex consisting of 176 units located at 3200, 3215 and 3230 Cushman Circle, Atlanta, Georgia. This property is known as "Tall Pines."

15. Defendant Albion is a foreign corporation registered in Canada and is the sole Member of each of the SBS Entities. Albion may be served by second original at its place of business in Switzerland, chemin due Petite Bel-Air 123, Thonex, Switzerland 1226, as authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, and as provided in O.C.G.A. 9-11-4(f)(3).

16. Defendant Elia is a natural person and is a resident and citizen of the Country of Israel. Elia exercises ownership and control of the SBS Entities and

Albion, which in turn own property in this state.  Elia may be served by second original at his residence in Israel located at Yirmiyahu 16 Ramat Gan, Israel, 5224616, as authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, and as provided in O.C.G.A. 9-11-4(f)(3).

17. At all relevant times, each of the Defendants continuously met the requirements to be deemed an "employer" of Plaintiff pursuant to 29 U.S.C. § 203(d).

18. The Defendants are an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203(r)-(s).

19. Plaintiff is an employee of Defendants in the State of Georgia, and a resident and citizen of the Country of Israel.  Plaintiff is authorized to work in the United States pursuant to an H-1B visa sponsored by SBS 384.

20. At all relevant times, the Plaintiff was an "employee" of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

## FACTUAL ALLEGATIONS

21. Defendants own and operate the residential apartment communities of Lakeview Trails, Creekside Forrest, and Tall Pines.  With the exception of Tall Pines/SBS TPA which is currently vacant, Defendants advertise and rent these residential apartments to the public.

22.     Elia, via his agent, Ori Peretz ("Peretz") hired Plaintiff as the Chief Financial Officer of SBS 384 on or about November 20, 2012.  Plaintiff was selected for this position due to his qualifications and due to his affiliation with Boaz Badichi ("Badichi"), who had an economic interest in the SBS Entities at the time of Plaintiff's hire.

23.     Peretz and Elia promised Plaintiff compensation at the rate of $100 per hour, as evidenced in the Labor Condition Application ("LCA") filed in support of the H-1B visa application that was submitted by SBS 384.  A true and correct copy of the LCA is attached hereto as Exhibit A.  Plaintiff has filed a complaint with the Department of Labor regarding Defendants' violation of the LCA and 8 U.S.C.S. § 1182(n) (hereinafter "INA") and is pursuing the administrative remedies provided by said section.

24.     Plaintiff was further appointed as a Manager of each of the SBS Entities, alongside Co-Manager Peretz.  Albion has since replaced Peretz with Wolf.  Since the inception of his employment, Plaintiff has worked diligently for the benefit of his employers, but has not been compensated for his services.  Instead, Defendants promised Plaintiff that he would be paid when the properties became profitable.

25.     At no time did Defendants pay Plaintiff on a "salary basis" as contemplated by the FLSA.

26. In his role as CFO, Plaintiff managed and ran the day to day operations of the SBS Entities, and reported directly to Albion and Elia. In this capacity, Plaintiff worked an average of 60 to 70 hours per week, including regular night and weekend work. Plaintiff was essentially on-call 24 hours per day, and was regularly required to handle property and tenant issues as they arose outside of regular working hours.

27. At all times relevant hereto, Defendants were aware of, accepted, and/or required all services performed by Plaintiff as described above, and willfully failed to pay him at the agreed upon rate, with the result being that Plaintiff was denied regular and overtime pay that he is entitled to under the FLSA.

28. On November 10, 2014, Albion and the SBS Entities filed suit against Badichi in the Superior Court of Fulton County, in Case No.: 2014CV253704. (the "Badichi Action"). In the Badichi Action, Defendants asserted various claims against Badichi that all related to an overarching dispute between Badichi and Elia. To date, the Badichi Action has not been served upon the named defendant, Badichi.

29. On June 16, 2015, via counsel, Plaintiff submitted a letter to Defendants, in which Plaintiff simply demanded payment for the services he had rendered for Defendants for the nearly three year period that he had been employed. A true and correct copy of the June 16, 2015 letter is attached hereto as

Exhibit B.  The letter asserted Plaintiff's rights under the FLSA and federal immigration law.

30.    Rather than rectify their violations and the harm that had been caused to Plaintiff, Defendants retaliated against him by filing a First Amended Complaint in the Badichi Action, in which Defendants named Plaintiff as a Defendant, and asserted a baseless claim for "damages" against Plaintiff under a theory that he acted with "gross negligence and in bad faith."  A true and correct copy of the First Amended Complaint in the Badichi Action is attached hereto as Exhibit C (see p. 15, Count IV).

31.    The claim against Plaintiff was inserted in to the Badichi Action nearly 8 months after it was initiated, but only days after Plaintiff first attempted to assert his rights under federal law.  The claim against Plaintiff was not based on new facts or discovery, and was asserted by Defendants in an intentional effort to retaliate against Plaintiff for his complaint and demand regarding Defendants' unlawful practices under the FLSA and INA.

32.  On July 6, 2015, Plaintiff resigned from all roles and positions affiliated with Defendants due to Defendant's failure to cure their breaches of contracts and federal and state law, and due to Defendants' retaliation against him for attempting to assert his federally protected rights.

## COUNT I
## Violation of the Fair Labor Standards Act

33. Plaintiff realleges and reincorporates the paragraphs above.

34. This count arises from the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

35. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

36. During the course of Plaintiff's employment, the Defendants did not compensate the Plaintiff for each hour worked as required by 29 U.S.C. § 206.

37. During the course of his employment, the Defendants did not compensate the Plaintiffs at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks as required by 29 U.S.C. § 207.

38. Defendants have willfully violated Section 206 of the Fair Labor Standards Act by refusing to pay Plaintiff his regular rate wage for each hour worked.

39. Defendants have willfully violated Section 207 of the Fair Labor Standards Act by refusing to pay Plaintiff's earned overtime wages.

40. Plaintiff is entitled to recover his unpaid wages and unpaid overtime compensation, as the case may be, plus an additional equal amount as liquidated

9

damages pursuant to 29 U.S.C. § 216(b).  Additionally, he is entitled to an award of attorneys' fees and legal costs associated with bringing this action pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Retaliation Under the Fair Labor Standards Act

41. Plaintiff realleges and reincorporates the paragraphs above.

42. Plaintiff engaged in protected activity by demanding wages due to him under the FLSA.

43. Defendants retaliated against Plaintiff by immediately bringing a frivolous claim against him in the Badichi Action, in violation of 29 U.S.C. § 215(a)(3).

44. The claim against Plaintiff was causally connected to his protected activity.

45. Plaintiff has suffered damages as a result of Defendants' violation.

## COUNT III
### Retaliation Under the INA

46. Plaintiff realleges and reincorporates the paragraphs above.

47. Plaintiff engaged in protected activity by demanding wages due to him under the INA.

48. Defendants retaliated against Plaintiff by immediately bringing a frivolous claim against him in the Badichi Action, in violation of 8 U.S.C. § 1182(n)(2)(iv).

49. The claim against Plaintiff was causally connected to his protected activity.

50. Plaintiff has suffered damages as a result of Defendants' violation.

51. The INA does not provide an administrative remedy for violations of the anti-retaliation provision contained therein at 8 U.S.C. § 1182(n)(2)(iv), and Plaintiff is therefore not required to exhaust administrative remedies as a prerequisite to bringing this claim in the present forum.

## COUNT IV
### Violation of The Racketeer Influenced and Corrupt Organization Act ("Rico"), 18 U.S.C.A. § 1962(c)

52. Plaintiff realleges and reincorporates the paragraphs above.

53. Title 18 U.S.C.A. § 1962(c) of RICO prohibits "any person employed by or associated with any enterprise …to conduct or participate…in the conduct of such enterprise's affair through a pattern of racketeering activity…."

54. At all times relevant to this Complaint, Defendants each constituted a "person" within the meaning of 18 U.S.C.A. § 1961(3) and 18 U.S.C.A. § 1964(c).

11

55. Defendants were associated-in-fact and constituted – and continue to constitute – an "enterprise within the meaning of 18 U.S.C.A. § 1961(4), engaging in and affecting interstate commerce. At all times relevant to this Complaint, Defendants agreed to and did conduct and directly or indirectly participate in, or aided and abetted, the conduct of the enterprises' s affairs through a pattern of racketeering activity in violation of 18 U.S.C.A. § 1962(c), including false and fraudulent representations to the federal government; false and fraudulent representations to Plaintiff; underpayment of Plaintiff's wages in violation of federal law; unlawful retaliation against Plaintiff; immigration document falsification in violation of 18 U.S.C.A. § 1546; interstate mail fraud in violation of 18 U.S.C.A. § 1341; and interstate wire fraud in violation of 18 U.S.C.A. § 1343.

56. As a direct and proximate result of Defendants' racketeering activities and violations of 18 U.S.C.A. § 1962(c), Plaintiff has been injured in his business and property, including unpaid wages and benefits and the incurrence of other incidental and consequential damages and expenses, in an amount to be proven at trial.

## COUNT V.
## Breach of Contract

57. Plaintiff repeats and realleges the paragraphs above.

58. Plaintiff has duly performed or satisfied all conditions, promises and obligations required to be performed or satisfied by him in accordance with the terms and conditions of his agreement with Defendants.

59. Defendants' breach vis-à-vis their non-payment of Plaintiff's agreed-upon wage has violated the payment obligations contained in the agreement, causing Plaintiff damage.

60. Defendants are liable to Plaintiff for breach of contract in a total amount to be determined at trial.

## COUNT VI
## Quantum Meruit

61. Plaintiff repeats and realleges the above paragraphs.

62. Plaintiff has performed the services requested by Defendants and incurred costs at Defendants' request.

63. Defendants promised to pay Plaintiff the reasonable value of the services performed.

64. Plaintiff has requested payment from Defendants for the reasonable value of his services.  Defendants, however, have refused, and continue to refuse, to pay Plaintiff for these services rendered and costs incurred.

65.     As a direct and proximate result of Defendants' failure to pay Plaintiff for the services rendered and costs incurred, Plaintiff has suffered damages in amount to be proven at trial.

## JURY TRIAL DEMAND

66.     Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all claims asserted in this Complaint so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against the Defendants as follows:

A.     A judgment in the amount equal to all Plaintiff's monetary damages to be proven at trial;

B.     A judgment in the amount equal to Plaintiff's unpaid wages and overtime to be proven at trial;

C.     Liquidated damages in an amount equal to the amount of unpaid hourly wages deemed due;

D.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation deemed due;

E.     Treble damages pursuant to 18 U.S.C. § 1964;

F.     All civil remedies under 18 U.S.C. § 1953;

G.	Reasonable attorneys' fees and costs incurred in connection with this action;

H.	Damages in the amount of the compensation promised to Plaintiff by Defendant for the services performed;

I.	Damages in the amount of the reasonable value of the services rendered by Plaintiff and accepted by Defendants;

J.	Pre-judgment and post-judgment interest;

K.	That the Court award any additional or alternative relief, whether legal or equitable, which the Court deems appropriate under the circumstances.

Respectfully submitted this 7th day of July, 2015.

                                            COSTYN LAW

                                            _s/Joseph Costyn_____
                                            Joseph M. Costyn
                                            Georgia Bar No.: 103557
                                            456 S. Howard Street S.E.
                                            Atlanta, GA 30317
                                            T: 404-512-1858
                                            F: 859-712-1858
                                            jcostyn@costynlaw.com
                                            *Attorney for Plaintiff*